# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 11, 2011

Lyle W. Cayce
Clerk

No. 10-50650
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANIEL LOPEZ-RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1001-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Lopez-Ramirez appeals his within-Guidelines sentence of 15 months' imprisonment, following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Lopez contends his sentence, which includes a four-level enhancement under Sentencing Guideline § 2L1.2(b)(1)(D) for a prior felony conviction of illegal reentry, is unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) sentencing goals because: his sentencing range double counts his prior illegal reentry conviction;

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence does not accurately reflect the seriousness of his offense, which he characterizes as a nonviolent international trespass; and his sentence fails to reflect his personal history, including his close ties to the United States, circumstances, and benign motives for committing the offense.

Although, post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Lopez does not claim procedural error.

When, as here, the district court imposes a sentence within a properly-calculated Guidelines range, we accord great deference to the sentence and apply a rebuttable presumption of reasonableness. *Gall*, 552 U.S. at 51; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

Lopez has failed to overcome the presumption of reasonableness that attaches to his within-Guidelines sentence. Our court has rejected his contention that the illegal-reentry Guideline, allowing prior convictions to be included in the calculation of both criminal history and offense level, renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); U.S.S.G. § 2L1.2, cmt. n.6. Further, our court has upheld the reasonableness of a within-Guidelines sentence, despite defendant's contention that illegal reentry is a nonviolent trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Finally, Lopez' upbringing and family ties in the United States do *not* render his sentence unreasonable. Although the district court *may* consider such factors, it is not required to do so. *See United States v. Lopez-Velasquez*, 526

No. 10-50650

F.3d 804, 807 (5th Cir. 2008). The record reflects that the court made an individualized decision in the light of Lopez' personal history, circumstances, and the § 3553(a) factors. The district court was in a superior position to find facts and assess their import under § 3553(a), and its determination is entitled to deference. *See Gall,* 552 U.S. at 51.

AFFIRMED.